**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Hubert HILL, Defendant-
Appellant.**

No. 73–3542
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 17, 1974.

Daniel P. Self, Jr., Meridian, Miss., for defendant-appellant.

*Rule 18, 5 Cir. *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**202**

Robert Hauberg, U. S. Atty., James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

GOLDBERG, Circuit Judge:

Defendant Hill appeals from his conviction on two counts of transporting, possessing, selling and transferring distilled spirits in containers not having the appropriate revenue stamps, a violation of 26 U.S.C. § 5205(a)(2). He seeks to have this Court remove the moonshining label attached to his actions by the jury on the basis of six alleged errors in the conduct of the proceedings below. Hill contends that the trial court: (1) prejudiced defendant's case by remarks made during the course of the trial; (2) inaccurately instructed the jury as to both the nature of the offense and the applicable standard for weighing the evidence; (3) neglected its duty in failing on its own motion to exclude certain hearsay testimony and inflammatory information concerning the accused; (4) improperly permitted the jury to separate during trial recesses; (5) erroneously denied a motion for a directed verdict of acquittal; and (6) abused its discretion in refusing to grant a new trial. We find that these allegations of misconduct and mistake below are without support in either the record of this case or the law of this Circuit, and we affirm.

 Defendant cites nine specific comments or actions by the district judge during the course of the trial that allegedly prejudiced his defense by preventing the full development of the evidence in his favor, materially aiding the prosecution in the presentation of its case, and indicating to the jury the court's adverse opinion on the innocence of the accused. It has been long recognized and frequently reaffirmed that a federal trial judge is not relegated to the position of a mere moderator, but may, by timely interventions, elicit testimony from witnesses, comment on the evidence to the jury, and limit the questioning of counsel. Quercia v. United States, 1933, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321; United States v. Jacquillon, 5 Cir. 1972, 469 F.2d 380, cert. denied, 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed. 2d 604; United States v. DeLaughter, 5 Cir. 1972, 453 F.2d 908, cert. denied, 406 U.S. 932, 92 S.Ct. 1769, 32 L.Ed. 2d 135; Kyle v. United States, 5 Cir. 1968, 402 F.2d 443. In so doing, of course, the judge must adhere to stringent standards of impartiality, Herman v. United States, 5 Cir. 1961, 289 F. 2d 362, cert. denied, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93; and this Court will affirm a conviction on the basis of a record disclosing significant judicial participation only when it is convinced that the interventions could not reasonably have led the jury to a predisposition of guilt by improperly confusing the functions of judge and prosecutor. *See* United States v. Arroyave, 5 Cir. 1973, 477 F.2d 157; United States v. Bays, 5 Cir. 1971, 448 F.2d 977, cert. denied, 405 U.S. 957, 92 S.Ct. 1186, 31 L.Ed.2d 234. We have also noted that,

> "[a]bove all, the trial judge must maintain an attitude of impartiality and avoid giving the impression that he believes the accused is guilty. Otherwise, there is risk of a judge's usurping the function of the jury because of the weight likely to be placed in his opinion."

United States v. Jacquillon, *supra*, at 387.

Defendant's specifications of error, viewed both separately and in the context of the whole record, *see* United States v. Penner, 5 Cir. 1970, 425 F.2d 729, reveal no such confusion of the roles of judge, jury, and prosecutor. The actions of the trial court challenged here amount to no more than attempts by the presiding judge to expedite the proceedings and to prevent any misunderstanding of a witness's testimony. While the court's remarks were at times blunt and, in at least one instance sarcastic, an occasional lapse of patience from the bench will not suffice to overturn a conviction returned after a full and fair presentation of the evidence.

■ The second contention of error focuses on the court's charge to the jury. None of the seven instructions now challenged as erroneous and prejudicial provoked any adverse comment from defendant's counsel at trial, despite the district court's pointed reminder to counsel that he should make his opinion on the charge known in order to preserve issues for appeal.[1] In light of this acquiescence below, our scrutiny is severely and justifiably circumscribed.

> "The Court, of course, may notice 'plain errors or defects' affecting substantial rights even though they were not brought to the attention of the trial court. As the plain error rule implies, its application is limited to exceptional situations involving serious deficiencies which affect the fairness, integrity, or public reputation of the judicial proceedings, or which constitute obvious error. This strict standard is necessary in order to promote efficient judicial administration and to prevent parties from gambling for favorable verdicts and then resorting to appeal on errors that might have easily been corrected by objection at trial." [citations omitted]

United States v. Jacquillon, *supra*, at 386.

■ Mindful of the Supreme Court's admonition to appellate tribunals to "guard against the magnification on appeal of instances which were of little importance in their setting,"[2] we have examined the contested instructions not in isolation, but rather as they appear in the course of a lengthy and largely unchallenged charge. *See* United States v. Cisneros, 5 Cir. 1974, 491 F.2d 1068; United States v. Williams, 5 Cir. 1973, 473 F.2d 507. Our examination of that charge reveals nothing approaching the *Jacquillon* plain error standard of obvious mistake or serious deficiency affecting the fairness and integrity of a

judicial proceeding. Indeed, the only aspect of the instructions that raises even the barest possibility of prejudice to the accused—the notion that the defendant could be acquitted on the basis of a "probability of innocence"—was included in the charge at the request of defendant's own counsel.

■ Appellate counsel concedes that the instances of hearsay and inflammatory testimony, which he considers too numerous to catalogue, passed before the jury without objection by trial counsel. We have nevertheless examined the record for any indication of a violation of the rules of evidence so severe as to constitute plain error and to have deprived defendant of his constitutional right to confront the witnesses against him. *See* Pointer v. Texas, 1965, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; Park v. Huff, 5 Cir. 1974, 493 F.2d 923. The record does not support defendant's contention of an evidentiary debacle in the district court. The only significant testimony regarding out of court statements involved declarations made by defendant himself. Such admissions pose neither hearsay nor confrontation difficulties. *Cf.* Nelson v. O'Neil, 1971, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222; Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

■ Defendant's fourth, fifth, and sixth points of error are frivolous and can be quickly dispatched. The propriety of sequestering the jury is a matter within the sound discretion of the trial court; and the exercise of that discretion will result in reversal only upon a showing of actual prejudice to the accused. United States v. Harris, 5 Cir. 1972, 458 F.2d 670; Tyler v. United States, 5 Cir. 1968, 397 F.2d 565, cert. denied, 394 U.S. 917, 89 S.Ct. 1187, 22 L.Ed.2d 450; Grant v. United States, 5 Cir. 1966, 368 F.2d 658. Defendant has at no point attempted to demonstrate

---

1. During the colloquy at the bench prior to the delivery of the charge, the judge admonished defendant's counsel that, "[n]ow is the time you are talking to the Fifth Circuit, so speak up."

2. Glasser v. United States, 1942, 315 U.S. 60, 83, 62 S.Ct. 457, 471, 86 L.Ed. 680.

204

prejudice, either to the district court or to this Court on appeal.

■ The arguments of insufficient evidence and improper denial of a new trial rest largely on defendant's contention that the testimony of a government informer was simply too "incredible" to be believed, due in part to the witness's obvious bias and the existence of an outstanding state felony indictment against her. However, defendant does not allege that any undisclosed deal had been made between the witness and government officials promising lenient treatment in return for favorable testimony, *see* Giglio v. United States, 1972, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104; and the information relied on here to attack credibility was made known to the jury. We have no authority to substitute our own assessment of the truthfulness of the witness for the final determination reached by that jury after a full disclosure. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.

Every round of defendant's attack on the judgment below has fallen wide of the mark. The conviction is affirmed.

Affirmed.