**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harry William THERIAULT, a/k/a Shiloh, Bishop of Tellus, Defendant-Appellant.**

No. 74–3280.

United States Court of Appeals, Fifth Circuit.

May 10, 1976.

Rehearing and Rehearing En Banc Denied June 16, 1976.

Roderick Surratt, Dallas, Tex. (Court appointed), for defendant-appellant.

John E. Clark, U. S. Atty., San Antonio, Tex., Michael T. Milligan, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

GEWIN, Circuit Judge:

Appellant Theriault was convicted, under count one of a three-count indictment, of wilful depredation of federal property and was sentenced to ten years. Under a second count he was convicted of assaulting Correctional Supervisor Schlonga and sentenced to three years. Under a third count he was convicted of assaulting Correctional Supervisor Herberger and sentenced to three years. Except for the difference in the names of the assault victims, the second and third counts are identical. The three maximum sentences were to be served consecutively. We previously directed a limited remand of this case with directions, *United States v. Theriault*, 526 F.2d 698 (5th Cir. 1976), for supplementation of the record by the district court. We have reviewed the district court's response, together with the entire record, the numerous briefs and memoranda of counsel and appellant himself, and have carefully considered oral argument. We conclude that appellant's convictions should be affirmed as to the merits of the appeal; his sentence under the first count is affirmed; as to the consecutive three year sentences under the second and third counts, we vacate and remand with directions.

## I. Facts

Appellant was being transported from Georgia, where he had appeared in a civil case, back to the La Tuna Federal Correctional Institution near El Paso, Texas, where he was serving a sentence. He was held in Texarkana on a one night layover. On December 5, 1972, at 5 a. m. (C.S.T.) appellant and Correctional Supervisors Schlonga and Herberger left Texarkana to complete the remaining 840 miles to La Tuna by automobile. Appellant was shackled in the back seat of the automobile and chained to its floor; the two correctional officers were in the front seat. At a subsequent stop appellant apparently persuaded the officers to remove the chain from the vehicle's floor, although he remained shackled.

Between 5:15 and 6 p. m. (C.S.T.) the vehicle arrived at the interstate exit to La Tuna. At this point the vehicle spun out of control; Schlonga and Herberger were injured and the car was destroyed. Appellant was apprehended by the two officers as he attempted to climb through the back window of the demolished automobile.

According to Schlonga and Herberger, appellant caused the accident by vaulting over the front seat of the car and striking the steering wheel with his feet; thereby causing the vehicle to spin out of control and crash. Appellant contended that the accident was caused by a tire blowout, Schlonga's unfamiliarity with the road, the car's high rate of speed, or a combination of these factors.

As a result of the accident, appellant was indicted on March 8, 1973 in the Western District of Texas. A civil case involving appellant was also pending in the Western District of Texas.

## II. Prior Proceedings

Pretrial proceedings in the criminal case took place before the late Judge Ernest Guinn. After some disruptive conduct by appellant, Judge Guinn refused to proceed to trial until appellant indicated his good faith willingness to proceed in an orderly manner. Appellant refused to express such willingness and instead sought to compel the district court to proceed by filing a mandamus petition in this court. This petition was denied, but in *Theriault v. Carlson*, 495 F.2d 390 (5th Cir. 1973), we vacated an order of dismissal and remanded for an evidentiary hearing with respect to the civil matter before the court below.

Accordingly, the civil matter was set for an evidentiary hearing before Judge Wood and the criminal case was set for trial on the same day. Both proceedings commenced on August 20, 1974; the non-jury civil matter began in the morning and appellant was shackled during this proceeding. This action was taken partially on the basis of his prison disciplinary record, which was introduced into evidence. The record of this civil proceeding, including the prison

disciplinary record, was made a part of the record in this case. On the afternoon of the 20th, appellant's criminal jury trial began. He remained in shackles throughout this proceeding, which spanned two days. Appellant objected to the shackles at both the civil and the criminal proceedings.

Following his conviction appellant appealed to this court. After oral argument we remanded the case to the district court as earlier stated, but retained jurisdiction. The purpose of the limited remand was to permit the district court

> to supplement the record with a succinct statement of all the reasons, facts and matters from which he concluded to require the appellant to be tried before a jury in shackles [and] to specify those portions of the record, or other matters, if any, of which the court took judicial notice, that tend to show the exercise by the court of its sound discretion with respect to the shackling.

526 F.2d at 699. In response to this direction, the district judge listed four reasons for the shackling: (1) prior cases in this circuit that detail appellant's obstreperous conduct in the courtroom; (2) prior cases involving appellant's escapes from custody; (3) appellant's earlier disorderly conduct before Judge Guinn in the principal case, and (4) appellant's disruptive conduct in the contemporaneous civil proceeding. The district judge also explained that he had "openly deferred to the expertise and advice of the United States Marshal" with respect to the shackling, in order to "permit the Court to attempt to develop a working rapport with [appellant] while diverting confrontation with regard to his shackles."

### III. *Appellant's Contentions*

Appellant argues that his conviction should be reversed because he was denied his right to a speedy trial, his shackling was prejudicial error, he was denied witnesses vital to his defense, and the evidence was insufficient to establish one or more elements of the offenses charged. Additionally, appellant alleges cumulative errors (such as prejudicial prosecutorial remarks and improper cross-examination) and a sentencing

error. We have reviewed all the appellant's contentions, but find that only the shackling and sentencing issues merit discussion. *See, e. g., United States v. Gidley,* 527 F.2d 1345, 1347 (5th Cir. 1976).

### IV. *Shackling*

■ An accused person is presumed innocent and is, therefore, entitled to the indicia of innocence in a jury trial. In some circumstances, however, this right must bow to the competing interests of other courtroom participants and society in general. *See generally Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Shackling is an extreme measure, but in some circumstances it is necessary for the safe, reasonable and orderly progress of trial. *See, e. g., Kennedy v. Cardwell,* 487 F.2d 101 (6th Cir. 1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974); *United States v. Roustio,* 455 F.2d 366 (7th Cir. 1972) (principles apply to witnesses for defendant). The decision to shackle lies within the sound discretion of the trial court and will not be overturned by reviewing courts unless that discretion was abused. *Woodards v. Cardwell,* 430 F.2d 978, 982 (6th Cir. 1970), *cert. denied,* 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971); *Hardin v. Estelle,* 365 F.Supp. 39, 45–47 (W.D.Tex.), *aff'd on other grounds,* 484 F.2d 944 (5th Cir. 1973).

■ Having reviewed the reasons for the shackling advanced by the district judge and the briefs of the parties relative thereto, we are unable to conclude that the shackling of appellant was an abuse of discretion. Earlier cases do in fact demonstrate appellant's penchant for disorderly conduct in the courtroom. In *Theriault v. United States,* 481 F.2d 1193 (5th Cir.), *cert. denied,* 414 U.S. 1114, 94 S.Ct. 847, 38 L.Ed.2d 742 (1973), for example, this court affirmed, *inter alia,* the district court's adjudging appellant guilty of contempt twice. In that case we detailed appellant's contemptuous courtroom demeanor, which included the use of foul language and calling a witness a liar, and we noted a communica-

tion from appellant to the trial judge that threatened "another Attica," escape and bloodshed.

Earlier cases in this court also attest to the fact that appellant presents a serious escape threat. In *United States v. Theriault,* 474 F.2d 359 (5th Cir.), *cert. denied,* 411 U.S. 984, 93 S.Ct. 2278, 36 L.Ed.2d 960 (1973), we affirmed appellant's escape conviction. In *Theriault v. United States,* 409 F.2d 1313 (5th Cir.), *cert. denied,* 396 U.S. 933, 90 S.Ct. 274, 24 L.Ed.2d 231 (1969), we reversed and remanded an escape conviction that had arisen out of circumstances quite similar to those involved in the principal case. The basis of the reversal was that an incorrect instruction on insanity had been given.

Moreover, appellant's disruptive and recalcitrant behavior before Judge Guinn and in the contemporaneous civil case is additional evidence that demonstrates and supports the proper exercise of discretion by the district judge. Appellant's conduct before Judge Guinn was so disrespectful and disruptive that he was forced to delay appellant's trial indefinitely. Appellant's prison disciplinary record, which was introduced in the civil proceeding and considered by Judge Wood on the shackling question, evidences his violent and rebellious nature. It recounts instances such as appellant's breaking a prison chapel door and throwing food at prison guards. Accordingly, we cannot conclude from this record, as supplemented by the district court's statement of reasons for the shackling, that the district judge abused his discretion in refusing to order the shackles removed. *See United States v. Samuel,* 433 F.2d 663 (4th Cir. 1970), *cert. denied,* 401 U.S. 946, 91 S.Ct. 964, 28 L.Ed.2d 229 (1971); *United States v. Thompson,* 432 F.2d 997 (4th Cir. 1970), *cert. denied,* 401 U.S. 944, 91 S.Ct. 955, 28 L.Ed.2d 226 (1971).

In all future criminal cases of this nature, when unusual visible security measures are utilized before a jury, we will require that the district judge state for the record, outside the jury's presence, the reasons for such action. Counsel, or the defendant himself in appropriate cases, should be given an opportunity both to respond to the reasons presented and to persuade the judge that such measures are unnecessary. A formal evidentiary hearing may not be required, but if the factual basis for the extraordinary security is controverted, the taking of evidence and finding of facts may be necessary. Our reason for promulgating this procedure is to ensure that this court can readily determine whether an abuse of discretion is shown. *United States v. Samuel,* 431 F.2d 610, 615 (4th Cir.), *district court affirmed after remand,* 433 F.2d 663 (4th Cir. 1970).

## V. *Sentencing*

Appellant was sentenced to two consecutive three year terms of imprisonment, one for assaulting Schlonga, the other for assaulting Herberger. Both of the alleged assaults arose out of a single act by appellant: hurling himself over the front seat of the vehicle and into the steering wheel, thereby causing the accident and injuries to the two officers. It is well settled that in such circumstances a defendant can be convicted for only one assault under 18 U.S.C. § 111. *Ladner v. United States,* 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958) (involving statutory predecessor to § 111). The test is whether there is more than one act resulting in the assaults, not whether more than one federal officer is injured by the same act. *See United States v. Williams,* 446 F.2d 1115 (5th Cir. 1971). In the instant case the injuries to Schlonga and Herberger were the result of one act by appellant. Accordingly, it was error to sentence him for two separate offenses under section 111. *Cf. United States v. Sahley,* 526 F.2d 913, 918–19 (5th Cir. 1976). Therefore, appellant's conviction is affirmed as to the merits of the appeal and as to the sentence pursuant to count one. The sentence is vacated as to counts two and three and the case is remanded with directions to the district court to resentence for a single violation of the statute, 18 U.S.C. § 111.

AFFIRMED IN PART; VACATED and REMANDED IN PART.