341 So.2d 1053 (1977)
Dale ZYGADLO, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
Nos. DD-45, DD-46.
District Court of Appeal of Florida, First District.
January 28, 1977.
Rehearing Denied February 23, 1977.
Richard W. Ervin, III, Public Defender, and Michael M. Corin, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
MILLS, Judge.
A jury convicted Zygadlo of robbery, use of a firearm during the robbery, false imprisonment and grand larceny. He was sentenced to consecutive terms on each of the four crimes.
Zygadlo contends that he was denied the constitutional right to a fair trial and that he was erroneously sentenced on his conviction for use of a firearm during the robbery.
At the commencement of the trial, Zygadlo objected to leg shackles which were placed on him at the direction of the trial court. The court had the shackles put on him because he had escaped on at least one prior occasion when appearing before the court. Because of the recent escape, the court felt it necessary for maintenance of courtroom security and decorum that the shackles be applied. The shackles were not the large type. The record does not disclose whether the jurors were aware of the shackles. The record does disclose overwhelming evidence of Zygadlo's guilt of each of the four crimes.
On the facts disclosed by the record, the trial court exercised good discretion in taking action to maintain courtroom security and decorum during the trial. There is no evidence that the jurors saw the leg shackles. There is no evidence that Zygadlo was prejudiced. There is overwhelming evidence that he was guilty of the four crimes. We affirm the finding of guilt.
The firearm which Zygadlo was charged with using in commission of robbery was the one he used in the commission of the robbery with which he was charged. The two violations were a part of the same criminal act, therefore, the five year sentence imposed under the count of the information charging him with use of a firearm *1054 is vacated. Cone v. State, 285 So.2d 12 (Fla. 1973).
Affirmed in part; reversed in part.
BOYER, C.J., and McCORD, J., concur.