John B. WILEY, Jr.,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, etc.,
Respondent-Appellee.

No. 82–5710
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 18, 1983.

Mark E. Grantham, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla. (Court-appointed), for petitioner-appellant.

David T. Weisbrod, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

John B. Wiley, Jr., entered a plea of guilty in the Hillsborough County, Florida Circuit Court to first-degree murder and

was sentenced to life imprisonment. The judgment and sentence were affirmed by the state appellate court without opinion. In the habeas corpus petition filed in the United States District Court for the Middle District of Florida, Wiley alleged that he sought post-conviction relief in the state courts but the petition was denied without a hearing.

 In the habeas petition filed in the district court Wiley sets forth two grounds for relief. Without holding an evidentiary hearing the United States Magistrate recommended that the petition be dismissed. No objections were filed and the report and recommendation of the magistrate were adopted by the district judge.[1]

The only ground for relief raised on this appeal is that appellant's court-appointed counsel rendered ineffective assistance. Wiley alleges that his attorney conferred with him only three times, did not adequately investigate the case, did not explain the elements of the offense, and coerced him into pleading guilty by telling him that the Florida statute which provided for a twenty-five year mandatory sentence prior to parole eligibility was about to be ruled unconstitutional and that he would serve only three to four years.

The standard for effective assistance of counsel in this Circuit is "counsel reasonably likely to render and rendering reasonably effective assistance." *Washington v. Strickland,* 693 F.2d 1243, 1250 (5th Cir.1982) (Unit B en banc).[2] The burden is on Wiley to show by a preponderance of the evidence that he did not receive effective assistance of counsel and that he suffered actual and substantial prejudice thereby. *Id.* at 1250, 1258.

Whether assistance of counsel was effective is a mixed question of law and fact. *Adams v. Balkcom,* 688 F.2d 734, 739 (11th Cir.1982). The factual questions must be fully developed in order for an appellate

court to review the lower court's decision. However, a hearing is not required if the district court can determine the merits of the ineffective assistance claim based upon the existing record. However, where, as here, the relevant factual issues were not developed at the state level, a hearing by the district court is mandated.

Wiley alleges sufficient facts which, if proved, could merit relief. An evidentiary hearing would have resolved these factual issues. We therefore remand for an evidentiary hearing.

REMANDED.

---

1. Wiley's failure to object does not limit his right to appeal since he was not informed that objections had to be filed within ten days. *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir. 1982) (Unit B en banc).

2. This decision is binding on the 11th Circuit. *See Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).