**Dale Albert ZYGADLO, Petitioner,**

v.

**Louie L. WAINWRIGHT, Etc., Respondent.**

**No. 82–3087.**

United States Court of Appeals, Eleventh Circuit.

Dec. 2, 1983.

Howard W. Skinner, Asst. Federal Public Defender, Jacksonville, Fla., for petitioner.

Carolyn M. Snurkowski, Wallace E. All-britton, Asst. Attys. Gen., Tallahassee, Fla., for respondent.

Before TJOFLAT and HILL, Circuit Judges, and SIMPSON, Senior Circuit Judge.

JAMES C. HILL, Circuit Judge:

Dale Albert Zygadlo appeals to this court from the order of the district court denying his petition for a writ of habeas corpus. Zygadlo was tried and convicted of various offenses in the Circuit Court of Putnam County, Florida. As a security measure, the trial judge ordered Zygadlo to wear leg shackles at trial. Zygadlo contends that this security measure compromised his presumption of innocence and thereby denied him a fair trial in violation of the due process clause. We conclude that the trial judge properly exercised his discretion in ordering the security measures and affirm the order of the district court.

Zygadlo was charged with robbery, false imprisonment, use of a firearm in the commission of a felony, and grand larceny. He was tried on July 30, 1975. After the jury had been empaneled and sworn, but not in their presence, the trial judge ordered that Zygadlo's legs be shackled. Although Zygadlo was not forced to wear handcuffs, he wore a wide leather belt with a ring through which handcuffs could be passed if necessary to limit the movement of his arms.[1]

The judge supported his order by stating that he was "taking note of the fact that the Defendant has on at least one occasion while awaiting appearance before the Court escaped from the facilities which we have here." Record on Appeal at 15.[2] The judge then allowed Zygadlo's lawyer the opportunity to object. He did so, stating:

Your honor, I would object to the shackles on the basis that it denies the Defendant a fair trial. I think it's long been recognized in our system of jurisprudence that a person coming into Court bound and chained, it makes it far more difficult for a jury to presume him innocent. And that's just—that's the objection I make on that point, Your Honor. I think it's denying him the right to a fair trial.

*Id.* at 16. The defense counsel renewed his objection at the close of the prosecution's evidence and in a motion for a new trial.[3]

Zygadlo again raised the issue on direct appeal from his conviction. *See Zygadlo v. State,* 341 So.2d 1053 (Fla.Dist.Ct.App.), *cert. denied,* 353 So.2d 681 (Fla.1977). The Florida appeals court noted that the record did not show that the jury observed the

---

1. In addition to the physical restraints, the judge ordered a plainclothes detective to sit close to Zygadlo at the counsel table. There were several other plainclothes and uniformed police in the courtroom.

2. During one of the pretrial conferences, six weeks before the trial, Zygadlo was kept in a holding room in the courthouse. Zygadlo escaped from the third-floor room by jumping through a plexiglass window to the ground below and running away.

3. Before ruling on the motion, the trial judge entered a written order setting forth several reasons for employing the security measures at trial, including the reason he stated orally at trial. Because Zygadlo had no opportunity to contest the validity of the additional factors before trial, we do not rely on them in reaching our decision.

shackles and that Zygadlo could demonstrate no prejudice resulting from the trial judge's decision in light of the overwhelming evidence of his guilt. *Id.* The appeals court therefore affirmed the conviction on all counts except the charge of use of a firearm to commit robbery, which it vacated on other grounds. *Id.* On April 10, 1980, Zygadlo filed a petition in United States District Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1976). The district judge referred the case to a magistrate who recommended, after an evidentiary hearing, that Zygadlo's petition be denied. The district court adopted the report of the magistrate and entered its order denying the writ from which Zygadlo appeals.

■ Many considerations dictate that the use of shackles to restrain a defendant at trial should rarely be employed as a security device. *Illinois v. Allen,* 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970). The constitution grants every defendant a presumption of innocence, *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), and the physical presence of shackles clearly erodes the presumption. *Kennedy v. Cardwell,* 487 F.2d 101, 104 (6th Cir.1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974); *United States v. Samuel,* 431 F.2d 610, 614 (4th Cir.1970), *cert. denied,* 401 U.S. 946, 91 S.Ct. 964, 28 L.Ed.2d 229 (1971). The restraints may confuse the defendant, impair his ability to confer with counsel, and significantly affect the trial strategy he chooses to follow. *Kennedy,* 487 F.2d at 106; *Hardin v. Estelle,* 365 F.Supp. 39, 46 n. 11 (W.D.Tex.), *aff'd on other grounds,* 484 F.2d 944 (5th Cir.1973). The shackles also are "an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold." *Illinois v. Allen,* 397 U.S. at 344, 90 S.Ct. at 1061.

Nevertheless, in some cases, shackles may properly be employed in order to ensure "the safe, reasonable and orderly progress of trial." *United States v. Theriault,* 531 F.2d 281 (5th Cir.), *cert. denied,* 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976). Shackles may be necessary to prevent the defendant from disrupting the trial. They may also be necessary to prevent an escape and to protect the physical well-being of the jury, lawyers, judge, and other trial participants. Since the defendant's right to be tried free of restraints may be outweighed by these considerations, both the predecessor to this circuit and other circuits have granted the trial judge reasonable discretion to decide whether to shackle or otherwise restrain the defendant. *See Harrell v. Israel,* 672 F.2d 632, 636 (7th Cir.1982); *Theriault,* 531 F.2d at 284.

■ In this case, we cannot conclude that the trial judge abused his discretion as a matter of federal constitutional law. The judge had ample opportunity to observe the defendant at trial, and he knew of the defendant's previous escape attempt. In addition, he specifically entered the considerations supporting his decision into the record and allowed the defense counsel an opportunity to enter his objections out of the presence of the jury.[4] Defense counsel stated only that the shackles denied the defendant a fair trial. As a matter of law, this is not true in every case, and in this case the facts support the trial judge's decision.[5]

If Zygadlo had been tried in federal court, *United States v. Theriault,* 531 F.2d 281, 285 (5th Cir.1976) would have required the district judge to enter a similar factual finding and allow counsel the opportunity to object. In addition, if the factual basis

4. We note that other courts have approved the use of physical restraints at trial to prevent a possible escape even though the defendant has conducted himself properly at trial. *See Harrell v. Israel,* 672 F.2d 632 (7th Cir.1982); *Loux v. United States,* 389 F.2d 911 (9th Cir.), *cert. denied,* 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135 (1968).

5. This is not a case such as *Woodards v. Cardwell,* 430 F.2d 978 (6th Cir.1970), *cert. denied,* 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971), in which the state judge made no findings in support of his order but simply deferred to the opinion of law enforcement officials.

for the security procedures was in dispute, *Theriault* would mandate that the judge conduct an evidentiary hearing. *Id.* Although we are mindful that we review in this case the decision of a state trial judge in the context of a habeas corpus proceeding, we do not conclude that the due process clause would not have required an evidentiary hearing here had Zygadlo requested one. We note, however, that Zygadlo did not dispute the factual basis of the judge's decision or request such a hearing and that he suggested no alternative or less obtrusive means of restraint.[6] Thus, the judgment of the district court is

AFFIRMED.

**6.** *See, e.g., Harrell,* 672 F.2d at 634 (precautions    taken so jury would not focus on shackles).