**Ambry Dewitt ALLEN, Jr., Petitioner-Appellant,**

v.

**Charles MONTGOMERY, Warden, Georgia State Prison, Respondent-Appellee.**

**No. 82–8644.**

United States Court of Appeals, Eleventh Circuit.

April 6, 1984.

Rehearing and Rehearing En Banc Denied July 11, 1984.

---

Gary Bunch, Atlanta, Ga., court appointed, for petitioner-appellant.

David C. Jones, Homer, Ga., amicus curiae.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before TJOFLAT and HILL, Circuit Judges, and LYNNE *, District Judge.

JAMES C. HILL, Circuit Judge:

Allen appeals an order by the district court denying his petition for a writ of habeas corpus. As grounds for the petition, Allen raises 34 errors that he claims denied him a constitutionally sound trial. Many of his arguments overlap, most are without any merit, and none compel us to grant the writ. We therefore affirm.

## I. BACKGROUND

In 1973, Allen and two others were charged with armed robbery, kidnapping, burglary and theft in connection with a series of crimes that led to the hold up of the Bank of Molena, Georgia. Before the three men could be brought to trial, however, a local minister's wife and daughter were kidnapped and offered as ransom for the release of one of Allen's codefendants. When that ploy failed, death threats were made against the trial judge and one of the state's witnesses. Those incidents forced the use of heavy security measures at trial.

After a five-day trial, the jury convicted Allen on all four charges and his convictions were affirmed by the Georgia appellate courts. *Allen v. State,* 235 Ga. 709, 221 S.E.2d 405 (1975). After the Georgia Court of Appeals denied his motion for post-conviction relief, *Allen v. State,* 146 Ga.App. 260, 246 S.E.2d 120 (1978), Allen filed the instant habeas petition in the United States District Court for the Northern District of Georgia. The district court, adopting the magistrate's recommendation, denied Allen habeas relief and he now appeals.

## II. DISCUSSION

We have carefully reviewed each of the 34 enumerations of error raised by Allen in this appeal. Four merit some extended discussion: (1) his claim that the jury was sequestered at the home of the local sheriff; (2) his claim that the courtroom security measures deprived him of his presumption of innocence; (3) his claim of ineffective assistance of counsel; and (4) his claim that the trial judge deprived him of a fair trial by adversely commenting on the case presented by the defense. Allen's other grounds for habeas relief were properly rejected by the district court and do not require further discussion here.[1]

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Some of Allen's allegations of error do not raise distinct issues but tend to support a single claim. Therefore, Allen actually raises 28 points on appeal. The 24 that require no discussion concern: (1) denial of his motion for a continuance; (2) denial of his motion for a change of venue; (3) denial of his motion for a severance (all three of which are based on his claim of adverse pretrial publicity); (4) denial of a public trial; (5) denial of a copy of the indictment; (6) denial of a list of witnesses; (7) denial of a trial transcript; (8) improper voice identification; (9) prosecutor's use of perjured testimony; (10) prejudicial comments by the prosecutor; (11) denial of his privilege against self-incrimination; (12) improper seizure of defense papers; (13) restrictions placed on his trial attorney; (14) denial of access to court; (15) violation of the rule of sequestration imposed by the trial judge; (16) composition of the grand jury; (17) composition of the trial jury; (18) improper contact between jurors and a prosecution witness; (19) improper discussion between jurors; (20) erroneous admission of photographic evidence; (21) violation of the *Brady* rule; (22) unconstitutional jury instructions on burden of proof, punishment, alibi defense, and weight of evidence; (23) denial of motion for new trial without notice or hearing; and (24) denial of extraordinary motion for new trial without notice or hearing.

## A. *Sequestration of the Jury.*

Allen's primary argument on appeal is that the sequestration of the jury at the home of Sheriff Riggins, a witness for the state and nominal prosecutor, violated his fourteenth amendment right to be tried by a fair and impartial jury. *See Turner v. Louisiana,* 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1964); *Gonzales v. Beto,* 405 U.S. 1052, 92 S.Ct. 1503, 31 L.Ed.2d 787 (1971); *see also Crawford v. Beto,* 385 F.2d 156 (5th Cir.1967), *cert. denied,* 393 U.S. 862, 89 S.Ct. 143, 21 L.Ed.2d 130 (1968) (if the custodian of the jury maintains continuous and intimate contact with the jury and testifies about matters that are more than merely uncontroverted or formal aspects of the case and if the credibility of the custodian is a factor, then the accused is denied due process). However, because Allen failed to establish that the jury was in fact sequestered at the sheriff's home, we need not decide whether the procedures allegedly employed would require us to grant Allen habeas relief.

Allen first challenged the sequestration of the jury at his state habeas hearing in July of 1979. He argued to the state judge that his wife and an employee of his trial attorney had recently contacted some of the jurors and that those contacted had confirmed newspaper reports indicating that the jury was sequestered at the sheriff's home for security purposes. The state judge informed Allen that his proffer on this point was inadmissible hearsay and, therefore, that Allen had not established the factual basis required to support his contention.

■ Over a year later, in November of 1980, Allen again raised the jury sequestration issue in his federal habeas petition. At this point in time, Allen could no longer complain that he had only recently discovered this evidence. Yet, he offered to the

magistrate considering his petition no proof in support of his allegation that the jury was housed with the local sheriff during his trial. He did not offer affidavits from any of the jurors. He did not claim to have testimony from the local sheriff. Nor did he ask for an evidentiary hearing in order to present proof of this allegation.[2] The magistrate emphasized that Allen had been given an adequate opportunity at the state habeas proceedings to present evidence on this point and, for no justifiable reason, had failed to do so. The state thus provided Allen with a full and fair hearing on the issue, and he cannot relitigate the claim in his federal habeas proceeding. 28 U.S.C. § 2254(d) (1976); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

In this appeal, Allen relies on certain newspaper articles as proof that the sheriff entertained the jury in his home during the five-day trial. Those articles appear in the record as exhibits offered by Allen at his state habeas hearing. There, Allen submitted several newspaper accounts of the trial in order to establish that adverse pretrial publicity required a change of venue or a continuance. Although two of the articles indicated, without divulging the source of the information, that the jury was being sequestered at the sheriff's home, Allen never offered those articles to establish anything other than pretrial publicity. Thus, the articles were not objectionable as hearsay because they were not offered to prove the matter asserted—that the jury stayed with the sheriff. The federal magistrate, apparently recognizing the inadmissibility of the articles on the jury sequestration issue, concluded that Allen had failed to present competent evidence to support his contention. We agree with the magistrate's conclusion. Therefore, we hold that Allen failed to establish that the jury was actually sequestered at the home of the

**2.** Of course, had Allen offered newly discovered evidence concerning his jury sequestration argument, the district court might have been required to grant him an evidentiary hearing on this issue. *See Townsend v. Sain,* 372 U.S. 293, 312–18, 83 S.Ct. 745, 756–59, 9 L.Ed.2d 770 (1963). However, Allen does not challenge the

adequacy of the evidentiary hearing conducted by the state habeas court. He may not, therefore, retry the factual dispute underlying this issue in federal habeas proceedings. *Sumner v. Mata,* 449 U.S. 539, 543–47, 101 S.Ct. 764, 767–69, 66 L.Ed.2d 722 (1981).

local sheriff. His habeas petition cannot be granted on these grounds.

### B. Courtroom Security Measures.

■ Allen's second challenge relates to the heavy security precautions surrounding his trial. Specifically, Allen argues that he was deprived of his constitutionally protected presumption of innocence when the jury was allowed to see him brought into the courtroom restrained by handcuffs and guarded by a large number of uniformed law enforcement officers.[3] These measures allegedly destroyed Allen's presumption of innocence and deprived him of a fair trial.

We agree that seldom will the use of handcuffs be justified as a courtroom security measure. Such restraints not only tend to erode a defendant's constitutionally guaranteed presumption of innocence but also serve as "an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold." *Illinois v. Allen*, 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970). We recently emphasized that physical restraints "may confuse the defendant, impair his ability to confer with counsel, and significantly affect the trial strategy he chooses to follow." *Zygadlo v. Wainwright*, 720 F.2d 1221, 1223 (11th Cir.1983) (citations omitted). The placement of large numbers of uniformed law enforcement officers around the courtroom obviously engenders many of the evils associated with other physical restraints and should likewise be avoided.

■ However, all criminal trials cannot be conducted in a crystalline palace. Security measures are often necessary to ensure "the safe, reasonable and orderly progress of trial." *United States v. Theriault*, 531 F.2d 281, 284 (5th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182 (1976). Perhaps more importantly, physical restraints and added security precautions may be required to protect courtroom personnel, including the judge, the jury, and the lawyers, against threatened harm. *Zygadlo v. Wainwright*, 720 F.2d at 1223. For these reasons, the necessity of courtroom security sometimes outweighs a defendant's right to stand before the jury untainted by physical reminders of his status as an accused.

■ In this case, the heavy security precautions taken were indeed reasonable and necessary. A number of death threats had been made against the trial judge and a witness for the state. Two women were kidnapped and offered as ransom for the release of one of Allen's codefendants. On the other hand, it is undisputed that Allen's handcuffs were removed as soon as he was brought into the courtroom. At most, potential jurors gathered only a brief glimpse of Allen in handcuffs. He was not tried in shackles. Under these circumstances, we conclude that the security measures were reasonable and in no manner deprived Allen of his constitutionally protected presumption of innocence.[4]

**3.** Allen also questions the propriety of allowing the sheriff to decide that handcuffs were a necessary security measure. While we might agree that the decision to try a defendant in handcuffs is normally one to be made by the trial judge, *see Woodards v. Cardwell*, 430 F.2d 978, 982 (6th Cir.1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971), we cannot agree that the Constitution prohibits the official in charge of an accused from deciding that handcuffs are necessary to his safe and orderly transportation to the courtroom. In this case, death threats were communicated directly to the sheriff's office. Moreover, the sheriff was actively involved in seeking the release of two women who were kidnapped and offered as ransom for one of Allen's codefendants. Finally, the trial judge was intimately aware of these violent intrusions (because he had been placed under protection after death

threats were made against him) and had heard Allen's motion for a mistrial on these grounds. He overruled that motion, finding that the security measures were reasonable, and thus, implicitly at least, indicated that he would have ordered similar precautions. Under these circumstances, we find no constitutional error in permitting the sheriff to decide what forms of security were necessary to bring Allen safely to trial.

**4.** Allen did not request an evidentiary hearing on the necessity of the security measures, nor did he suggest to the trial judge that plainclothes officers would provide a less obtrusive means of ensuring courtroom security. *See Zygadlo v. Wainwright*, 720 F.2d at 1223–24 (noting that due process may require such a hearing if requested by a defendant in a state trial). Therefore, he may not complain that an

■ We also note that Allen has shown no prejudice resulting from his having been brought into the courtroom in handcuffs. The well established rule in this circuit is that "a brief and fortuitous encounter of the defendant in handcuffs is not prejudicial and requires an affirmative showing of prejudice by the defendant." *Wright v. Texas,* 533 F.2d 185, 187 (5th Cir.1976); *United States v. Bankston,* 424 F.2d 714 (5th Cir.1970); *Hardin v. United States,* 324 F.2d 553 (5th Cir.1963). Hence, even if we assume that the security measures were unreasonable, Allen, having demonstrated no prejudice, is not entitled to the writ on these grounds.

### C. *Ineffective Assistance.*

Allen makes a two-prong attack on the effectiveness of his trial counsel. First, Allen complains that his attorney did not render reasonably effective assistance because he was intimidated by the trial judge, because he failed to make timely objections to excludable evidence and because he neglected to contact certain defense witnesses before trial. As a second ground, Allen argues that this ineffective assistance claim required the district court to conduct an evidentiary hearing. *See Wiley v. Wainwright,* 709 F.2d 1412, 1413 (11th Cir.1983) (holding that such an evidentiary hearing may be required if the relevant factual issues were not developed at the state level). Neither of Allen's arguments are persuasive.

■ Taking his latter point first, we hold that Allen was not entitled to an evidentiary hearing because the relevant factual issues were fully developed at the state proceedings. The state court which heard his petition for habeas relief concluded:

The attorneys in question were retained by petitioner Allen, and their sworn depositions are part of the record of this proceeding.... Both Mr. Wallace and Mr. Pruitt were experienced trial lawyers when they were retained by petitioner, and their depositions indicate that they filled their duties conscientiously. On those few points where their testimony agrees with that of petitioners, notably regarding change of venue ... and extraordinary security measures ..., the issues have been settled by the Georgia Supreme Court .... On all other points where they are charged by petitioners with ineffective assistance, the attorneys Wallace and Pruitt through their sworn statements either indicate no knowledge of incidents alleged by petitioners or flatly contradict them. In fact, it appears that the investigation, interviewing, advising, and trial performance of the defense ... were painstaking and exhaustive and that petitioners' dissatisfaction with counsel is an offshoot of their conviction. In any event, petitioners have offered not a scintilla of factual evidence to support a conclusion that their trial counsel was ineffective; on the contrary, the record indicates that petitioners were ably represented.... (citations omitted).

Therefore, no evidentiary hearing was required under *Wiley v. Wainwright.*

■ Similarly, we hold that Allen was not denied effective assistance of counsel. In *Washington v. Strickland,* 693 F.2d 1243 (5th Cir. Unit B 1982) (en banc), *cert. granted,* —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983), the former Fifth Circuit[5] held that "[a] petitioner who seeks to overturn his conviction on grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence." *Id.* at 1250 (footnote omitted). Allen has not met his burden. His broadside attacks on the strategies followed by his trial attorney are not borne out by the record. Moreover, after reviewing the record, we are convinced that Allen's retained counsel conducted reasonable pretrial investigation, made timely objections

---

evidentiary hearing should have been conducted.

**5.** Decisions made by Unit B of the Former Fifth Circuit are binding precedent in this circuit. *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

to arguably excludable testimony, and showed no signs of being intimidated by the trial judge. For these reasons, we hold that Allen's trial counsel rendered reasonably effective assistance and, therefore, that Allen is not entitled to the writ on his claim of ineffective assistance.

### D. *Adverse Comments by the Trial Judge.*

Allen argues that the trial judge repeatedly interrupted defense witnesses and thus prejudiced the jury by showing his disbelief of Allen's defense. The state does not challenge Allen's contention that the trial judge intervened more than 50 times during the presentation of the defense case. Relying on *United States v. Sheldon,* 544 F.2d 213 (5th Cir.1976), Allen argues that the jury could not help but infer from those interruptions that the judge considered the defense witnesses unworthy of belief; therefore, Allen claims, he was denied a fair trial.

In *United States v. Sheldon,* we concluded that so many of the trial judge's 130 interruptions of defense witnesses were berating and biased that they "must necessarily have been understood by the members of the jury to indicate a belief by the trial judge that the defense was without merit or that the defendants and their witnesses were worthy of scant belief." *Id.* at 219. Such is not the case here.

From the transcripts of his five-day trial, Allen cites three examples of allegedly prejudicial comment by the trial judge. The first concerns the judge's interruption of one of Allen's alibi witnesses while the witness was being cross-examined:

By MR. MILLER (the prosecutor):

Q: And all of the various businesses that you have testified you are in, may we all assume that you are what us southerners might call a Pillar of that community?

A: I'd hope I'd be.

THE COURT: I didn't understand your answer.

WITNESS: I'd hope I would be.

THE COURT: I know you'd hope you would be, but are you? We would all hope . . .

WITNESS: Well, Judge, it's like this . . .

THE COURT: No. Sir, just answer the question. I didn't get your answer.

By MR. WALLACE (defense attorney): He answered[,] he said, "I would hope I would be."

THE COURT: I know. I told him myself, we would all hope we would be, but I want to know if he considers himself to be.

Allen's second example derives from an instance when he was on the stand testifying in his own defense. After explaining to the jury that he was hunting deer on the morning after the bank robbery had taken place, Allen testified that he was scouting for deer from his position on a deer stand. The trial judge then interrupted and said, "Excuse me, Mr. Allen. Before we shoot this deer, I think I better give the jury a short recess. . . ."

As a third example, Allen complains about the trial judge interjecting the following comment as defense counsel sought to have admitted certain notes which Allen had used to refresh his memory: "All right, I'll admit it. Don't go back through all that other junk about . . . ." Allen argues that these three interruptions typify the manner in which the trial judge continually indicated his disbelief of the defense presented by Allen.

Of course, jurors undoubtedly attribute great weight to judicial comment. *United States v. Onori,* 535 F.2d 938, 943 (5th Cir. 1976). However, a trial judge is not required to remain mute throughout the course of a trial: "A judge is not an automaton. He sees, he hears, and he is not commanded to be silent or sterile in reaction." *Moody v. United States,* 377 F.2d 175, 178 (5th Cir.1967). Furthermore, a judge's comments must be studied in the context of the entire proceeding and only if, taken as a whole, those comments "are so prejudicial as to amount to a denial of a fair trial" will the Constitution require a new trial. *United States v. Preston,* 608

F.2d 626, 636 (5th Cir.1979), *cert. denied,* 446 U.S. 940, 100 S.Ct. 2162, 64 L.Ed.2d 794 (1980); *Moore v. United States,* 598 F.2d 439, 442 (5th Cir.1979).

Measured by these standards, the trial judge's remarks did not deprive Allen of a fair trial. The judge interrupted one of Allen's alibi witnesses because he did not understand the witness' response to a question. A judge "may take an active part in eliciting testimony," *Kyle v. United States,* 402 F.2d 443, 444 (5th Cir.1968), and "elicit facts not yet adduced or clarify those previously presented . . .," *Moore v. United States,* 598 F.2d at 442. Even lifted out of its context, the trial judge's questioning of Allen's alibi witness did not indicate to the jury that the testimony was unworthy of belief. Similarly, the judge's remark about "shooting deer," while somewhat blunt and perhaps a bit sarcastic, could not reasonably have led the jury to believe that the judge discredited Allen's testimony. *See United States v. Hill,* 496 F.2d 201, 202 (5th Cir. 1974) ("an occasional lapse of patience will not suffice to overturn a conviction returned after a full and fair presentation of the evidence.") Finally, the judge's direction to counsel for Allen that he not "go back through all that other junk" obviously referred to the attorney's earlier arguments in support of his request that the judge admit certain evidence. The use of the word "junk" in this isolated circumstance during the course of a five-day trial did not deprive Allen of a fair trial. *Id.* The other comments made by the trial judge and cited by Allen as evidence of improper interjection are similarly innocuous. We find none that require us to grant Allen habeas relief.

For the reasons set forth above, we affirm the district court judgment denying Allen's petition for habeas relief.

AFFIRMED.