F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL HARRIS,

     Petitioner - Appellant,

vs.

VANCE EVERETT, Wyoming
Department of Corrections State
Penitentiary Warden, in his official
capacity; WYOMING ATTORNEY
GENERAL,

     Respondents - Appellees.

No. 99-8102
(D.C. No. 98-CV-45)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

     Daniel Harris, an inmate appearing pro se, seeks to appeal from the denial

of his habeas petition, 28 U.S.C. § 2254. He was convicted in state court of

felony murder and sentenced to life imprisonment. The Wyoming Supreme Court

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

affirmed his conviction on appeal.  See Harris v. State, 933 P.2d 1114 (Wyo. 1997).  Mr. Harris filed his federal habeas petition in February 1998, raising the same seven claims as on direct state appeal.  The district court denied the petition.

28 U.S.C. § 2254(d) sets out the appropriate standard of review in this case. Habeas corpus will not be granted on any federal claims already decided by the Wyoming Supreme Court on the merits unless the decision of that court (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "resulted in a decision that was based on an unreasonable determination of the facts . . . ."  Id.

The meaning of § 2254(d)(1) has recently been clarified:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, No. 98-8384, 2000 WL 385369, at *28 (U.S. Apr. 18, 2000). The "unreasonable application" inquiry is an objective one.  See id. at *26 ("Stated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.").  Our function is substantially narrower than conducting an independent, de novo review for error in the

application of clearly established federal law to the facts. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Id. at *27.

Finally, "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions." See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A federal court is bound by a state court's interpretations of state law and must presume the correctness of state court factual findings. See 28 U.S.C. § 2254(e)(1); Wainwright v. Goode, 464 U.S. 78, 84 (1983).

Mr. Harris contends that the trial judge's comments during voir dire denied him a fair trial and improperly defined reasonable doubt. See Harris, 933 P.2d at 1118-19. He also takes issue with a comment by the trial judge about the evidence during trial. See id. at 1120. He relies upon Sheeley v. State, 991 P.2d 136, 138-40 (Wyo. 1999), a case holding that a prosecutor eliciting a judge's comment concerning the truthfulness of a victim is state law error per se.

The state's court's rejection of Mr. Harris's claim was clearly correct; only if the comments when placed in context are so prejudicial as to deny a defendant a fair trial is habeas relief warranted. See Allen v. Montgomery, 728 F.2d 1409, 1415-16 (11th Cir. 1984). This case is completely distinguishable from Sheeley;

moreover, Sheeley does not define federal law.  We further agree with the state court that, as a factual matter, the trial judge's comments did not purport to define reasonable doubt for the jury during voir dire.

Relying upon the state court's determination that first-degree and second-degree sexual assault are mutually exclusive, Mr. Harris argues that he should have received a new trial because the jury was allowed to find guilt on both.  See Harris, 933 P.2d at 1120.  The state court determined that this was harmless error because the trial judge did not enter convictions on both, all charges merged into the felony murder conviction, and Mr. Harris was sentenced accordingly.  We do not think a new trial would be required under our precedent given these circumstances.  See United States v. Brown, 996 F.2d 1049, 1056 (10th Cir. 1993) (where sufficient evidence supports mutually exclusive counts, court could vacate conviction in one).

Mr. Harris also contends that he is entitled to a new trial because a poll of the jury indicated some confusion (later clarified) as to the verdicts of two jurors.  See Harris, 933 P.2d at 1121-22.  To the extent that this implicates a Sixth Amendment right, the state court did not make an unreasonable determination that unanimity had been achieved.  See United States v. Hernandez-Garcia, 901 F.2d 875, 877-79 (10th Cir. 1990).  We must disagree with Mr. Harris that both the state supreme court and the federal district court wrongly applied Hernandez-

<u>Garcia</u>.

Mr. Harris also challenges the sufficiency of the evidence on the sexual assault and felony murder counts. He argues that he renounced his criminal intentions when he pushed the victim out of his vehicle, after she had refused sex with him. The victim, who was nude but for one sock and was found with multiple abrasions and a broken nose, died of hypothermia. Mr. Harris also contends that the victim's death was not part of the sexual assault, and therefore, his felony murder conviction is improper. The Wyoming Supreme Court determined that Mr. Harris's statements to police provided sufficient evidence that he had not renounced his criminal intentions and that sufficient evidence supported the jury's determination that the victim's death was part of a continuous transaction involving perpetration of the sexual assault. <u>See</u> <u>Harris</u>, 933 P.2d at 1123-25.

The test for a sufficiency of the evidence claim on federal habeas review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). Based upon the claims raised and evidence discussed, the state court's determinations, though resting upon state law, are consistent with <u>Jackson v. Virginia</u>.

Mr. Harris also contends that he should be granted habeas relief because the trial court did not advise him of his right to testify and inquire upon the record if he voluntarily waived that right. The Wyoming Supreme Court rejected this claim because Mr. Harris was advised at arraignment of his right to testify. See Harris, 933 P.2d at 1126. While the right to testify in one's own defense is a constitutional right, see Rock v. Arkansas, 483 U.S. 44, 51-53 (1987), Mr. Harris's complaints about the state's procedure for ensuring compliance with that right are not of constitutional dimension. See Brown v. Artuz, 124 F.3d 73, 78-79 (2d Cir. 1997) (no general obligation on trial courts to inform defendant of right to testify and to inquire about waiver). Mr. Harris's request to add an ineffective assistance of counsel claim on the grounds that counsel denied him the right to testify is denied; absent extraordinary circumstances, we do not consider new claims on appeal. We note that Mr. Harris nowhere indicates how he was prejudiced by a failure to testify.

Mr. Harris also contends that the jury was not properly instructed that the victim's death had to be part of the sexual assault. The state supreme court rejected this claim. See Harris, 933 P.2d at 1126. Mr. Harris cannot demonstrate that the instruction was erroneous under state law, let alone that it deprived him of a fundamentally fair trial, thus habeas relief is not warranted. See Foster v. Ward, 182 F.3d 1177, 1187 (10th Cir. 1999), cert. denied, 120 S. Ct. 1438 (2000).

Finally, Mr. Harris argues that he was denied due process because the federal habeas form which he used instructed him to state his position "without citing legal authority or argument." "By following the district court rules, Appellant was not allowed to use legal argument or legal authority in support of his claims . . . yet the district court dismissed Appellant's petition because he did not use legal argument and legal authority to support his claim." Pet. Br. at 16.

This argument is not well taken. First, the § 2254 habeas form only instructs the petitioner not to state legal argument under the section entitled "Supporting Facts." It is self-evident that the citation of legal authority would be inappropriate in this section. Second, the Rules Governing § 2254 Cases seem to envision that if briefs or arguments are submitted, they should be in a separate memorandum. See R. 2(c); Appendix of Forms, Model Form for Use in Applications for Habeas Corpus under 28 U.S.C. § 2254. It appears that the § 2254 habeas form in this case did not contain the instructions so indicating; regardless, we have carefully considered Mr. Harris's legal arguments on appeal and must reject them as wanting under 28 U.S.C. § 2254(d).

We GRANT the motion to proceed in forma pauperis, DENY a certificate of appealability, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge