**Jim Henry BALL, Plaintiff,**

v.

**Phillip BAKER, Johnny Hill and Kerry Williams, Defendants.**

No. CIV.A. 98–T–804–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 28, 2000.

Jim Henry Ball, Jr., Elmore, AL, Pro se.

Ellen Ruth Leonard, Legal Division, Montgomery, AL, for Defendants.

William H. Pryor, Jr., Office of the Attorney General, Montgomery, AL, Pro se.

## OPINION

MYRON H. THOMPSON, District Judge.

At the beginning of the jury trial in this case, the court was confronted with the issue of whether plaintiff, a pro se prisoner, should be shackled at the ankles throughout the trial. The court had to make a quick decision. Because no findings of fact and conclusions of law were entered, the court does that now.

As far as the court knows, while there are no Eleventh Circuit cases on the appropriateness of leg shackles or other restraints on parties or witnesses in civil trials, there are cases from other circuits: *Hameed v. Mann*, 57 F.3d 217 (2nd Cir. 1995); *Davidson v. Riley*, 44 F.3d 1118 (2nd Cir.1995); *Woods v. Thieret*, 5 F.3d 244 (7th Cir.1993); *Lemons v. Skidmore*, 985 F.2d 354 (7th Cir.1993). There are some cases from the Eleventh Circuit addressing the use of restraints in criminal trials: *United States v. Mayes*, 158 F.3d 1215 (11th Cir.1998), *cert. denied*, 525 U.S. 1185, 119 S.Ct. 1130, 143 L.Ed.2d 123 (1999); *United States v. Brazel*, 102 F.3d 1120 (11th Cir.1997), *cert. denied*, 522 U.S. 822, 118 S.Ct. 78, 139 L.Ed.2d 37 (1997); *Allen v. Montgomery*, 728 F.2d 1409 (11th Cir.1984); *Zygadlo v. Wainwright*, 720 F.2d 1221 (11th Cir.1993).

Based on these cases, the court finds that it made the appropriate decision in requiring shackles in this case. The court had before it the following information: Plaintiff had a history of one escape, of significant mental instability, and numerous prison disciplinaries. While state prison officials recommended that the plaintiff be shackled, the court, of course, viewed their recommendation with substantial reservations because they had an interest in the plaintiff appearing before the jury in shackles. The court therefore invited the independent assessment of the United States Marshal and her assistants, who, after reviewing the information available, also recommended that the plaintiff be shackled for security reasons. Further, the court took due account of the plaintiff's statements about the degree of risk that would be posed by removal of his shackles.

After considering all this evidence, the court then made its own assessment of the circumstances and reached its own independent decision. The court, however, attempted to ameliorate the effect of the shackles, which were small and barely, if at all, visible when the plaintiff was behind counsel table, by allowing plaintiff to remain behind the table, with court officials handling exhibits and otherwise assisting plaintiff so that he would not have to en-

gage in extensive movement before the jury. The court believed that the restraints were necessary and the least restrictive way to address the court's concerns, as reflected in the evidence, that the plaintiff posed a significant security risk.

### JUDGMENT

On the 22nd day of August 2000, after this cause had been submitted to a jury, a verdict was returned as follows:

1. May plaintiff Jim Ball recover from defendant Phillip Baker on the excessive force claim?

YES ____
NO __X__

2. May plaintiff Jim Ball recover from defendant Johnny Hill on the excessive force claim?

YES ____
NO __X__

3. May plaintiff Ball recover from defendant Kerry Williams on the deliberate indifference claim?

YES ____
NO __X__

XXX

/s/ Paul H. Walden
FOREPERSON

It is therefore the ORDER, JUDGMENT, and DECREE of the court that judgment is entered in favor of defendants Phillip Baker, Johnny Hill, and Kerry Williams and against plaintiff Jim Henry Ball, Jr., with plaintiff Ball taking nothing by his complaint.

It is further ORDERED that costs are taxed against plaintiff Ball, for which execution may issue.