UNITED STATES of America,
Plaintiff–Appellee,

v.

David Eugene NICHOLSON,
Defendant–Appellant.

No. 87–3767
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 20, 1988.

Robert F. Barnard, Federal Public Defender, New Orleans, La. (court-appointed), for defendant-appellant.

Patrice Harris, Joe Giarrusso, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Convicted by a jury of causing the mailing of a threatening communication, 18 U.S.C. § 876, and sentenced as a dangerous special offender, 18 U.S.C. § 3575, David Eugene Nicholson appeals, contending that his equal protection and due process rights were violated by the placement of plainclothes guards in close proximity to him during trial. Finding that the security precautions ordered by the court were fully justified, we affirm.

### Background

Nicholson is an inmate in the Kansas State Penitentiary, serving a 5-to-20-year sentence for aggravated attempted robbery. At some point during his incarceration and psychiatric evaluation in Kansas, Nicholson became aware of the case of Robert Lee Willie, a Louisiana inmate sentenced to death for the rape and stabbing murder of 18-year-old Faith Hathaway. On December 28, 1984 Willie was executed. Shortly thereafter Nicholson directed a letter to Vernon and Elizabeth Harvey, the parents of the victim, which read:

Vernon and Elizabeth

I have been keeping up with Robert Willie's fight for his life. I've read all the shit you bastards have been putting out. Even if he did kill your fucking daughter, what good did it do to burn him. That makes every one of you blood thirsty bastards worse than him.

I saw the picture of your whore daughter Lizabeth laughing when she heard it was over for Robert Willie. Some day when I get out of the joint I'm going to show you fuckers how it feels to face death. I'm going to start with her and let you both quote *"Watch the smoke fly off her body."* Maybe then you do gooders will see the other side [emphasis in original].

Looking forward to later
David [signature]

The letter contained a newspaper photograph depicting the scene at the Louisiana State Penitentiary the morning of the execution, including 14-year-old Lizabeth Harvey, the daughter of Vernon and Elizabeth Harvey. Written across her picture were the words "burn baby burn" and "whore."

The charge of use of the mails for purpose of a threat of harm to another was tried to a jury. The prosecution asked that Nicholson be restrained at trial because of a history of violent and unruly behavior. Nicholson had attacked and severely injured his defense counsel in a 1986 trial at which he was convicted of threatening Senator Robert Dole. The injury necessitated plastic surgery. In addition, Nicholson had been convicted of felony assault with a weapon; and, while confined in the Kansas penitentiary, he had assaulted several people, including an inmate whom he stabbed with a "shank," a homemade knife.

The trial judge found Nicholson to be dangerous and unpredictable. The court ordered the use of leg restraints, which were to be concealed, and directed that Nicholson be closely guarded by Deputy United States Marshals who were to dress in plain clothes. The need for these precautionary measures was later confirmed during trial when Nicholson caused a disturbance.[1] In addition, at the sentencing hearing a guard from the Kansas State Penitentiary testified that Nicholson had to be segregated from the general prison population and was considered one of the most dangerous inmates in that prison.

---

1. Nicholson interrupted rebuttal with the following outburst: "I never attacked no juvenile, never. I don't give a damn. Turn around here. Let me out of this son of a bitch. I never attacked no God damn juvenile.... I don't give a fuck."

Nicholson maintains that the close proximity of the deputies during trial was unnecessary and inherently prejudicial, requiring a reversal of his conviction.

### Analysis

We begin with the threshold premise that an accused is presumed innocent and, as such, is entitled to all of the trappings of innocence during trial. *United States v. Theriault*, 531 F.2d 281 (5th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed. 2d 182 (1976). For example, the state may not compel an accused to appear before the jury in prison garb. *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). The Supreme Court also has instructed that certain practices, such as shackling, pose a threat to the fact-finding process and are to be closely scrutinized. *Holbrook v. Flynn*, 475 U.S. 560, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986).

The foregoing must be balanced against the court's obligation to protect the court and its processes, and to attend to the safety and security of those in the courtroom. *Holbrook; Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). This balancing of competing interests is entrusted to the sound discretion of the trial court. *Mays v. Estelle*, 610 F.2d 296 (5th Cir.1980); *Theriault*.

The sole issue presented on appeal is whether the presence of the plainclothes deputies, usually three in number, including one who sat next to Nicholson at the counsel table, unduly prejudiced Nicholson. We presume a measure of prejudice inherent in the fact that Nicholson, charged with threatening conduct, was closely attended by at least three other men. The inquiry presented is whether the actions by the court were warranted. We conclude that they were. Nicholson's prior record for violence fully justified the steps taken by the trial court to protect the security of the courtroom. The court sought to minimize the prejudicial effect of the security measures by directing that the leg restraints be concealed and that the deputies wear plain clothes. In addition, the court specifically charged the jury that it should draw no

inference from the restraint of the defendant, that restraint having become apparent during Nicholson's outburst in the course of the prosecutor's rebuttal.

We conclude and hold that the restraints ordered by the district court were reasonable, justified, and hence constitutionally permissible. *Holbrook v. Flynn.*

AFFIRMED.