United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-70036

ROBERT MARTINEZ PEREZ,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

**Appeal from the United States District Court
for the Northern District of Texas
(3:03-CV-1073-L)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Convicted in Texas state court of capital murder for murdering more than one person during the same criminal transaction and sentenced to death, Robert Martinez Perez requests a certificate of appealability (COA) on two habeas claims denied by the district court. Those underlying claims are that he was denied due process of law when the trial court: (1) permitted an inspector with the United States Marshal Service near two prosecution witnesses, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

view of the jury; and (2) admitted inadmissible, cumulative evidence. **COA DENIED.**

## I.

Perez was convicted of capital murder in 1999 and sentenced to death for the 1994 murders of Jose Travieso and Robert Rivas, members (as was Perez) of the "Mexican Mafia", a violent street gang in San Antonio, Texas. His conviction and sentence were affirmed on direct appeal. *Perez v. State*, No. 73,457 (Tex. Crim. App. 19 Sept. 2001) (unpublished). Perez did *not* seek a writ of *certiorari* from the Supreme Court of the United States.

During the pendency of his direct appeal, Perez filed a state habeas application, challenging his conviction and sentence on 45 grounds. In March 2003, the habeas trial court entered findings of fact and conclusions of law, recommending denial of habeas relief. That April, the Court of Criminal Appeals denied relief, adopting the findings and conclusions in an unpublished order. *Ex parte Perez*, Writ No. 55,333-01 (Tex. Crim. App. 30 Apr. 2003) (unpublished).

Perez filed for federal habeas relief in October 2003, raising the two claims for which he now seeks a COA. Relief was denied in June 2005. *Perez v. Dretke*, 393 F. Supp. 2d 443, 448 (N.D. Tex. 2005). That August, the district court denied Perez's COA request. *Perez v. Dretke*, No. 3:03-CV-1073-L (N.D. Tex. 2 Aug. 2005) (unpublished).

2

For his COA request here, Perez's underlying 28 U.S.C. § 2254 habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA). *See, e.g., **Penry v. Johnson***, 532 U.S. 782, 792 (2001). Pursuant to AEDPA, Perez cannot appeal the habeas-relief denial unless he first obtains a COA from either the district, or this, court. 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1). Under Federal Rule of Appellate Procedure 22(b)(1), the district court judge who denied relief "must either issue a [COA] or state why a certificate should not issue". For the same reasons it had denied relief, the district court denied a COA for both issues.

Obtaining a COA requires "a substantial showing of the denial of a constitutional right". 28 U.S.C. § 2253(c)(2). Perez must show "that reasonable jurists could debate whether (or, for that matter, agree that) the [federal habeas] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further". **Miller-El v. Cockrell**, 537 U.S. 322, 336 (2003) (internal citation and quotation marks omitted). This determination is limited, *inter alia*, "to a threshold inquiry into the underlying merit of [the habeas petition's] claims". **Id**. at 327. Such "inquiry does not require full consideration of the factual or legal bases adduced in support of the claims"; instead, it requires "an overview of the

claims in the habeas petition and a general assessment of their merits". *Id*. at 336. Because Perez faces the death penalty, we resolve "any doubts as to whether a COA should issue ... in [his] favor". **Hernandez v. Johnson**, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

Regarding our requisite threshold inquiry, we recognize that, in ruling on the merits, the district court was required by AEDPA to defer to the state court's ruling "on the merits" for a claim, "unless [that] adjudication ... resulted in": (1) for questions of law and mixed questions of law and fact, "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) for questions of fact, "a decision that was based on an unreasonable determination of the facts in [the] light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *see* **Chavez v. Cockrell**, 310 F.3d 805, 808 (5th Cir. 2002), *cert. denied*, 538 U.S. 915 (2003).

### A.

Underlying Perez's first COA request is his claimed denial of due process when the trial court permitted an inspector with the United States Marshal Service (the Marshal) to be near two prosecution witnesses within view of the jury (Marshal's presence).

4

1.

Outside the presence of the jury, Perez's attorney objected that the Marshal's presence:  put an aura on the witnesses' testimony, suggesting they were so important that they had their own private guard; made Perez look dangerous because the witnesses needed a guard in order to be in the same room with him; and was unnecessary because of the courtroom's other security measures. The objections were overruled.  On direct appeal, Perez claimed the Marshal's presence denied him due process — a fair and impartial trial.  (Although Perez raised this issue again in his state habeas petition, the habeas trial court ruled the claim had already been decided adversely to Perez on direct appeal.  As noted, the Court of Criminal Appeals adopted the habeas trial court's findings and conclusions.)  Perez raised the same claim in his federal habeas petition.  This claim's having been exhausted, we consider whether Perez is entitled to a COA.  *See* 28 U.S.C. § 2254(b)(1).

2.

"The physical appearance of a defendant while in the presence of the jury may adversely affect the presumption of innocence." ***Chavez***, 310 F.3d at 808.  To protect that fundamental requirement for a fair trial, safeguards are placed on the defendant's appearance.  *See, e.g.,* ***Estelle v. Williams***, 425 U.S. 501, 504 (1976) ("Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail

5

clothing because of the possible impairment of the presumption so basic to the adversary system.") (internal footnote omitted). These safeguards are balanced, however, with the court's need "to protect the court and its processes, and to attend to the safety and security of those in the courtroom". *United States v. Nicholson*, 846 F.2d 277, 279 (5th Cir. 1988). Accordingly, courts have been more liberal in allowing security personnel in the courtroom. *See id.* (holding that the presence of plainclothes deputies in front of the jury did not unfairly prejudice the defendant).

Outside the presence of the jury, the Marshal testified: for the record, he was dressed in a suit and tie and his firearm was not exposed; although he was wearing a red badge with the letters "SCO", he would remove it while in court; he was assigned to protect the two witnesses as part of the witness security program; and that program's policy is to allow officers to sit close to witnesses for their protection, especially if the defendant is in custody or there is an audience in the courtroom. The trial judge found: the Marshal wore a "snappy outfit of civilian nature"; and the jury could have seen him "as a civilian sitting over there by the door".

On direct appeal, the Court of Criminal Appeals held Perez did not meet his burden of demonstrating the Marshal's presence caused either actual or inherent prejudice. Likewise, on federal habeas,

6

the district court denied relief, ruling Perez "failed to demonstrate that the presence of a plainclothes officer during the testimony of [the two witnesses] was so inherently prejudicial that he was denied his constitutional right to a fair trial". **Perez**, 393 F. Supp. 2d at 450.

Whether the Marshal's presence prejudiced Perez's right to a fair trial is a mixed question of law and fact. Accordingly, under AEDPA, the district court was required to defer to the state court's adjudication "unless", as discussed *supra*, it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". 28 U.S.C. § 2254(d)(1). In the light of this standard, Perez has failed for COA purposes to make the requisite substantial showing that the Marshal's presence prejudiced his right to a fair trial.

On the merits, pursuant to 28 U.S.C. § 2254(e)(1), a state-court finding of fact is "presumed to be correct[;] [t]he applicant [has] the burden of rebutting the presumption of correctness by clear and convincing evidence". Perez has *not* made the requisite showing for COA purposes that the jury *knew* the Marshal was an inspector with the United States Marshal Service.

Even if the jury did discern that the Marshal was an armed guard, prejudice would *not* be shown automatically: "Our society has become inured to the presence of armed guards in most public

7

places". ***Holbrook v. Flynn***, 475 U.S. 560, 569 (1986). The jurors were exposed to numerous other security measures. Further, the Marshal's presence ensured that protection-program witnesses received adequate security, pursuant to witness-security-program policies.

Accordingly, Perez has failed to show reasonable jurists could debate the district court's ruling: (1) that the Marshal's presence did *not* deprive Perez of a fair and impartial trial; or (2) that the claim is *not* "adequate to deserve encouragement to proceed further". *See* ***Miller-El***, 537 U.S. at 336 (internal citations and quotation marks omitted).

## B.

The underlying basis for the other requested COA is Perez's claimed denial of a fair and impartial trial because the trial court admitted evidence he asserts is inadmissible and cumulative. His claim concerns seven items of evidence regarding the Mexican Mafia.

### 1.

As discussed below, it appears part of this claim was *not* exhausted. If so, we cannot consider that part. *See* 28 U.S.C. § 2254(b)(1)(A). In any event, a COA is denied.

#### a.

It appears two letters (from gang members Luis "Blue" Adames and Herb "Star" Huerta) were challenged for the first time in

8

Perez's federal petition. *Id*. Because it appears they were *not* challenged in state court, the district court may have erred in considering them. In any event, their being admitted at trial does not alter the reasons for our COA denial.

### b.

At trial, Perez objected on a variety of bases to the other five items. They are: (1) testimony by a prosecution-witness (former gang member) relating to the gang's organization and operations; (2) its constitution; (3) reading portions of the constitution that discussed its members killing traitors to the gang; (4) letters to Perez from the former gang member regarding schisms, killings, and criminal conduct by the gang; and (5) testimony by a Detective that he could not remember the exact number of Mexican Mafia homicides he had investigated because there had been so many.

In his federal petition, Perez claims the admission violated "Rule 404(b)", presumably of the Texas Rules of Evidence, which mirrors Federal Rule of Evidence Rule 404(b) (character evidence generally not admissible to prove conduct). Although it is arguable whether each item was objected to on the grounds now presented, and although, pursuant to 28 U.S.C. § 2254(b)(3), the State has *not* waived the exhaustion requirement, the bases for the objections are sufficient to permit our review of this COA application for the five items.

On direct appeal, Perez claimed his due process rights were violated by the trial court's admitting cumulative improper evidence regarding the gang. (Again, although Perez also made this claim in his state habeas application, the habeas trial court ruled the claim had already been decided adversely to Perez on direct appeal, and the Court of Criminal Appeals adopted the trial court's findings and conclusions.) Perez raised the same claim in his federal petition.

2.

On direct appeal, Perez challenged the admissibility of evidence pertaining to the gang under Texas Rules of Evidence 403 (exclusion of relevant evidence on special grounds) and 404(b). The Court of Criminal Appeals held: "[T]he evidence overwhelmingly demonstrated that the murders resulted from the rift within the [gang], an organization notorious for committing homicides, and *in accordance with provisions of [its] constitution*". **Perez**, No. 73,457 at 8 (emphasis added). Accordingly, it upheld the admission of the evidence.

To support his cumulative-error COA request, Perez relies on **Derden v. McNeel**, 978 F.2d 1453, 1457 (5th Cir. 1992) (en banc), *cert. denied*, 508 U.S. 960 (1993), which held:

> [F]ederal habeas corpus relief may only be granted for *cumulative errors* in the conduct of a state trial where (1) the individual *errors* involved *matters of constitutional dimension* rather than mere violations of state law; (2) the errors were *not* procedurally

10

defaulted for habeas purposes; and (3) the errors "so infected the entire trial that the resulting conviction violates due process".

*Id*. at 1454 (quoting ***Cupp v. Naughten***, 414 U.S. 141, 147 (1973)) (emphasis added).

In deciding this claim, the district court concluded that, under 28 U.S.C. § 2254(d)(1), "[b]ecause the 'cumulative error' doctrine has not been clearly established by the Supreme Court, habeas relief is not available". ***Perez***, 393 F. Supp. 2d at 448. In doing so, it failed to address this court's holding that, although rare, instances of cumulative trial-court errors resulting in federal habeas relief "fit the Supreme Court's description of a denial of due process as 'the failure to observe that fundamental fairness essential to the very concept of justice'". ***Derden***, 978 F.2d at 1457 (quoting ***Lisenba v. California***, 314 U.S. 219, 236 (1941)). In the alternative, as discussed *infra*, the district court denied the claim on the merits, holding that, because the challenged evidence was relevant to the issues being decided, there was *no constitutional error*.

For COA purposes, Perez fails to make the requisite substantial showing that his claim falls within the cumulative-error doctrine. Under this doctrine, "errors of *state law, including evidentiary errors*, are *not* cognizable in habeas corpus". *Id*. at 1458 (emphasis added). Instead, such errors are of the requisite *constitutional* nature only if they "infuse[] the trial

11

with unfairness as to deny due process of law". *Id*. (quoting *Lisenba*, 314 U.S. at 228).

Perez claims evidence was improperly admitted based on lack of relevance, unfair prejudice, and prior criminal conduct. For COA purposes, we cannot consider the state court's rulings on these state-law bases. *See* **Estelle v. McGuire**, 502 U.S. 62, 68 (1991) ("In conducting [federal] habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

In conjunction with his due process cumulative-error COA request, Perez's only colorable non-state-law claim is that his First Amendment right to freedom of association was violated by the trial court's allowing evidence of his gang involvement. In support, Perez cites **Dawson v. Delaware**, 503 U.S. 159, 167 (1992). In **Dawson**, however, the defendant's First Amendment rights were violated because of the admission of evidence at sentencing that proved nothing more than his "abstract beliefs". *Id*. In contrast, Perez's gang involvement concerned the motive and reason for the murders. *See* **Vasquez v. State**, 67 S.W.3d 229, 239 (Tex. Crim. App. 2002) (holding "gang-affiliation is relevant to show a motive for a gang-related crime").

In this regard, as described *supra*, the challenged evidence involves: (1) the gang's organization and operation in San Antonio; (2) killings and criminal conduct by the gang; and (3) the

12

number of homicides associated with it.  The district court ruled
this evidence

>  support[ed] the state's theory that [Perez]
>  killed the two victims to succeed in a power
>  struggle within the San Antonio Mexican Mafia
>  by establishing that:  (1) [he] was a leader
>  in the organization; (2) there was a dangerous
>  power struggle within the organization at the
>  time of the killings; (3) the victims were on
>  the opposite side of that power struggle; (4)
>  the organization's rules required [Perez] to
>  carry out the murders; and (5) the victims
>  were killed because of the power struggle.

*Perez*, 393 F. Supp. 2d at 448.  Obviously, if there was *no* error in

admitting the challenged evidence, there was *no* cumulative error.

Perez's challenge to the admission of this evidence is a

question of law.  *United States v. Meserve*, 271 F.3d 314, 327 (1st

Cir. 2001) ("[T]he district court's construction of evidentiary

rules is a question of law".) (internal citation omitted).

Accordingly, on the merits, the district court was required by

AEDPA to defer to the state court's "adjudicat[ion] on the merits

... unless the adjudication of the claim ... resulted in a decision

that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court

of the United States".  28 U.S.C. § 2254(d)(1).  Perez has failed

to show reasonable jurists could debate the district court's

ruling:  (1) that Perez's gang affiliation was relevant to the

murders for which he was convicted; or (2) that the issue is *not*

13

"adequate to deserve encouragement to proceed further". *Miller-El*, 537 U.S. at 336 (internal citations and quotation marks omitted).

## III.

For the foregoing reasons, a COA is

*DENIED.*