OPINION JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction by a jury in the Richland County Court of Common Pleas.
{¶ 2} Appellee is the state of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On March 7, 2002, Sarah Russell attempted to visit Appellant Jerome Garrett, who was an inmate at the Mansfield Correctional Institution at that time. She was stopped on her way into the facility and was found to be attempting to smuggle marijuana into the institution by way of balloons which she concealed in her vagina. (T. at 78-79). Ms. Russell stated that she was bringing the drugs to the institution at the request appellant and that he had made all the arrangements for the visit. (T. at 76-87).
{¶ 4} Appellant was charged with one count conveying drugs onto a prison facility, in violation of R.C. § 2921.36(A)(2), a third degree felony.
{¶ 5} On April 17 and 18, 2003, this matter was tried before a jury. Appellant chose to represent himself at trial.
{¶ 6} At trial, Sarah Russell testified that she brought marijuana into the Mansfield Correctional Institution at the request of Appellant. (T. at 76-87). She also testified that Appellant wrote letters to her asking her to bring drugs into the facility. (T. at 83, 109-118).
{¶ 7} The jury returned a verdict of guilty as charged.
{¶ 8} The trial court sentenced Appellant to four (4) years in prison.
 {¶ 9} Appellant now prosecutes the instant appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 10} "I. The trial court erred by admitting hearsay evidence which was prejudicial to appellant.
{¶ 11} "(A) The crime lab report (State's Exhibit "5") was inadmissible hearsay.
{¶ 12} "(B) The partial letter (State's Exhibit "1") was irrelevant to this case as it was not signed and did not appear to be written by appellant.
{¶ 13} "II. The trial court committed error prejudicial to the appellant by requiring him to appear at trial, despite his objection, shackled and wearing prison attire.
{¶ 14} "III. The trial court erred by not granting appellant's motion for acquittal.
{¶ 15} "(A) The state introduced insufficient evidence of a drug of abuse being conveyed to a detention facility.
{¶ 16} "(B) Appellant was never identified as the individual who committed a crime."
 I(A) and I(B)
{¶ 17} In his first assignment of error, Appellant claims the introduction of the crime lab report and a letter written by appellant to Sarah Russell was error. We disagree.
{¶ 18} Appellant contends the crime lab report constituted inadmissible hearsay because it did not fit the business record exception of Evid.R. 803(6). In his argument to this court, Appellant states that the prosecution did not lay the proper foundation necessary to admit the reports. Because Appellant does not specifically point to the foundational problems in his argument to this court, we presume that he reiterates those arguments made during his objection given to the trial court. Specifically, Appellant contended that the prosecution did not establish: (1) the contemporaneous creation of the record at the time of the laboratory test; and (2) the duty to keep the records in a regular course of business.
{¶ 19} Our analysis begins with R.C. 2925.51. The statute provides that a laboratory report of a controlled substance performed by a police laboratory "stating that the substance which is the basis of the alleged offense has been weighed and analyzed and stating the findings as to the content, weight, and identity of the substance and that it contains any amount of a controlled substance and the number and description of unit dosages, is prima-facie evidence of the content, identity, and weight or the existence and number of unit dosages of the substance." R.C. 2925.51(A). This report shall be signed and notarized and the signer must state his or her education and attest that scientifically accepted tests were performed with due caution and that the evidence was handled by accepted procedures. Id. Moreover, the prosecutor must serve a copy of the report on the defense. R.C. § 2925.51(B). Finally, the report cannot constitute prima-facie evidence if the defense serves upon the prosecutor a written request for the testimony of the signer of the report within seven days after receiving the lab report. R.C.2925.51(C).
{¶ 20} In this case, the record reflects that prosecutor served the lab report upon Appellant which stated that Appellant had ten days from receipt to request in writing the testimony of the lab technician who signed of the report. (T. at 158). The record indicates that Appellant did not request for the testimony of the signer of the report in this case. (T. at 160-162).
{¶ 21} Evid.R. 102 provides that "[t]hese [evidence] rules shall be construed to state the common law of Ohio unless the rule clearly indicates that a change is intended and shall not supersede substantive statutory provisions." Consequently, a specific statute can govern the admissibility of evidence rather than the rules of evidence. State v. Ward (1984),15 Ohio St.3d 355, 357-358. These principles have led this court to hold that absent a proper challenge pursuant to R.C. § 2925.51(C), a lab report constitutes prima-facie evidence and is properly admitted into evidence over the hearsay objections of the defendant.State v. McGraw (June 19, 1991), Medina App. No. 1978, unreported, at 2-3. Because Appellant failed to properly challenge the report based on R.C. § 2925.51(C), the trial court properly admitted the report into evidence. (T. at 160-62).
{¶ 22} Additionally, court-appointed counsel for Appellant stipulated to the admission of such report prior to Appellant objecting to his representation. (T. at 156-158).
{¶ 23} As to the letter, Appellant claims that the letter was inadmissible hearsay and therefore the trial court should not have allowed the State to use it as evidence.
{¶ 24} Sarah Russell, upon cross-examination by Appellant, identified the letter as coming from Appellant:
{¶ 25} "A: I didn't talk to the person — I mean — you wrote the letter to me. If that's what you are asking me, yes, you wrote the letter to me."
{¶ 26} Upon review, we find that Evid.R. 801(D) provides:
{¶ 27} "Statements Which Are Not Hearsay. A statement is not hearsay if:
{¶ 28} "* * *
{¶ 29} "(2) Admission by Party-Opponent. The statement is offered against a party and is
{¶ 30} (a) his own statement, in either his individual or a representative capacity * * *."
{¶ 31} The rationale for permitting evidence of an out-of-court statement by a party to the action is set forth in the staff note to the rule:
{¶ 32} "* * * Problems of trustworthiness are not critical in this class of admission since the opposing party controls the decision to introduce the statement and the party declarant will be in court to refute any unfavorable impact of the statement."
{¶ 33} Since the statement is offered against the declarant who is a party to the action, there is a reasonable inference that he will attempt to refute the statement to the best of his ability. In the present case, the letters of which defendant now complains were apparently dictated and signed by him. Since defendant is a party to the action, the letters would fall within the enumerated exception to the rule excluding hearsay.
{¶ 34} Therefore, defendant's first assignment of error is without merit and is overruled.
 II
{¶ 35} In his second assignment of error, Appellant argues that he was prejudiced by having to appear at trial before the jury in his prison attire and shackles. We disagree.
{¶ 36} This Court set forth the governing law on this issue inState v. Morgan (1992), 84 Ohio App.3d 229, 231-232,616 N.E.2d 941, wherein we stated:
{¶ 37} "A criminal defendant is generally entitled to appear in court without shackles, as the presumption of innocence may be undermined when the defendant is presented in restraints. See,e.g., Zygadlo v. Wainwright (C.A. 11, 1983), *232 720 F.2d 1221, certiorari denied (1984), 466 U.S. 941, 104 S.Ct. 1921,80 L.Ed.2d 468; Gilmore v. Armontrout (C.A. 8, 1989),861 F.2d 1061, certiorari denied (1989), 490 U.S. 1114, 109 S.Ct. 3176,104 L.Ed.2d 1037; State v. Carter (1977), 53 Ohio App.2d 125, 7 O.O.3d 90, 372 N.E.2d 622. While shackling is an extreme measure, in some circumstances it is necessary for the safe, reasonable, and orderly progress of the trial. Carter,53 Ohio App.2d at 132, 7 O.O.3d at 94, 372 N.E.2d at 627. * * * The decision as to whether to shackle the defendant lies in the sound discretion of the court, and the record should reflect the factors upon which the court exercised its discretion. Id."
{¶ 38} Ordinarily, and for obvious reasons, a criminal defendant carrying a presumption of innocence is entitled to appear in court without shackles. State v. Morgan (1992),84 Ohio App.3d 229. However, a defendant's own conduct sometimes amounts to a waiver of the right to be free from any restraint during the course of a trial. See State v. Brandle (1996),116 Ohio App.3d 753. See, also, Illinois v. Allen (1970),397 U.S. 337, 90 S.Ct. 1057. As stated in State v. Carter (1977),53 Ohio App.2d 125, "a defendant in a criminal case has the right to appear at trial without shackles or other physical restraint except when the court, in the exercise of a sound discretion, determines such restraint is necessary for a safe and orderly progress of the trial."
{¶ 39} Additionally, the United States Supreme Court has held:
{¶ 40} "We are cognizant of the potential for prejudice when a defendant appears before a jury in jail clothes. `The constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment.' Holbrook v.Flynn (1986), 475 U.S. 560, 567, 89 L.Ed.2d 525, 106 S.Ct. 1340
[citing Estelle v. Williams (1976), 425 U.S. 501, 504-505,48 L.Ed. 126, 96 S.Ct. 1691].
{¶ 41} However, in the case sub judice, we find that the Appellant was not prejudiced by having to wear his prison attire since the jury was already aware that Appellant was a prisoner in that the crime with which he was charged was for conveying drugs into a prison. Therefore, any error would be harmless error.
{¶ 42} Furthermore, Appellant was currently incarcerated for aggravated murder, and the trial court was within its sound discretion to choose to protect the jury and others in the courtroom by restraining Appellant since as his own counsel he was free to move about the courtroom and approach witnesses and the jury.
{¶ 43} Appellant's second assignment of error is overruled.
 III
{¶ 44} In assignment of error III, III(A) and (B), Appellant challenges the sufficiency of the evidence and argues that the trial court erred in not granting his motion for acquittal. We disagree.
{¶ 45} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, following Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. A reviewing court will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbets
(2001), 92 Ohio St.3d 146, 162.
{¶ 46} We have reviewed the record, and we conclude that the evidence presented by the State was legally sufficient to convince the average mind of Appellant's guilt beyond a reasonable doubt if the trier of fact believed such evidence.
{¶ 47} The jury had before the testimony of Sarah Russell, who testified that she brought the marijuana to the prison at the request and for the benefit of Appellant. The jury also heard evidence from the officer who strip searched Ms. Russell and found the marijuana and a witness to said search. Additionally, the jury heard testimony From State Highway Patrolman Wolfe who testified as the investigation being conducted at the prison which included intercepting and reviewing Appellant's mail and monitoring his telephone calls as well as the issuance of the search warrant for Sarah Russell. The jury also had an opportunity to hear Appellant's testimony when he took the stand
{¶ 48} We conclude that there was sufficient competent and credible evidence presented to the jury to convince the jury beyond a reasonable doubt that the State had proven each element of the offense, see State v. Eley (1978), 56 Ohio St.2d 169
{¶ 49} Appellant's assignment of error III is overruled.
{¶ 50} The judgment of the Richland County Court of Common Pleas is affirmed.
Judgment affirmed.
Gwin, P.J., and Wise, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs assessed to Appellant.