[Cite as *State v. McCree*, 2011-Ohio-4114.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | William B. Hoffman, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 10CA133 |
| | : | |
| | : | |
| MAURICE MCCREE | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:           Criminal Appeal from Richland
                                   County Court of Common Pleas Case
                                   No. 2010-CR-441

JUDGMENT:                          Affirmed

DATE OF JUDGMENT ENTRY:            August 17, 2011

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JAMES J. MAYER, JR.                         R. JOSHUA BROWN
Prosecuting Attorney                        32 Lutz Avenue
Richland County, Ohio                       Lexington, Ohio  44904

BY: JILL M. COCHRAN
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio  44902

*Edwards, J.*

{¶1} Defendant-appellant, Maurice McCree, appeals his conviction and sentence from the Richland County Court of Common Pleas on one count of possession of a deadly weapon while under detention. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 9, 2010, the Richland County Grand Jury indicted appellant on one count of possession of a deadly weapon while under detention in violation of R.C. 2923.131(B), a felony of the first degree. The indictment alleged that appellant, while serving a sentence for aggravated murder or murder at Mansfield Correctional Institution, possessed a deadly weapon while under detention. At his arraignment on August 5, 2010, appellant entered a plea of not guilty to the charge.

{¶3} Subsequently, a jury trial commenced on October 28, 2010. During voir dire, the following discussion took place on the record:

{¶4} "MR. HARPER: Judge, before we proceed, my client has indicated that he believes that because he is in shackles and in prison garb that he has been unduly prejudiced by the fact that he is.

{¶5} "THE COURT: Let me say that he is in prison for aggravated murder, for a weapons offense of some sort, carrying a concealed weapon or something.

{¶6} "MR. BISHOP: Weapon under disability.

{¶7} "THE COURT: Showing he has had weapons even after he was convicted of disabling offenses. He is charged with weapons in prison. Everyone knows he is in prison. The entire context of the proceedings takes place in prison. I have not put a

stun belt on him, because I thought he would be behaving himself, so I kept the security requirement to a minimum consistent with the type of a person he is. And I just can't put people at risk by putting him in civilian clothes and trying to create some type of a subterfuge he is no longer in prison when he is serving an indefinite sentence for aggravated murder. So we are not going to fool anybody by doing that. Security requires that I follow the precautions that we have, so that would be my response.

{¶8} "MR. HARPER: Okay." Transcript at 35-36.

{¶9} Following the conclusion of the evidence and the end of deliberations, the jury, on October 28, 2010, found appellant guilty of the charge. Pursuant to a Sentencing Entry filed on November 3, 2010, the trial court sentenced appellant to seven years in prison. The trial court ordered such sentence to be served consecutively to his Cuyahoga County aggravated murder case.

{¶10} Appellant now raises the following assignments of error on appeal:

{¶11} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING ON THE SHACKLING OF APPELLANT DURING TRIAL IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS.

{¶12} "II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL. TRIAL COUNSEL FAILED TO FILE ANY PRETRIAL MOTIONS REQUESTING APPELLANT APPEAR IN COURT WEARING CIVILIAN CLOTHES AND WITHOUT SHACKLES."

I

{¶13} Appellant, in his first assignment of error, argues that the trial court erred in failing to conduct an evidentiary hearing on the shackling of appellant during trial. We disagree.

{¶14} Courts have long recognized a defendant's right to the "physical indicia of innocence" under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Kennedy v. Cardwell* (C.A.6, 1973), 487 F.2d 101, 104, certiorari denied (1974), 416 U.S. 959, 94 S.Ct. 1976. "No one should be tried while shackled, absent unusual circumstances." *State v. McKnight* (2005), 107 Ohio St.3d 101, 837 N.E.2d 315 at ¶ 219, citing *Illinois v. Allen* (1970), 397 U.S. 337, 344, 90 S.Ct. 1057. Imposing the indicia of guilt upon a defendant is an "inherently prejudicial" practice which "should be permitted only where justified by an essential state interest specific to each trial." *Ruimveld v. Birkett* (2005), 404 F.3d 1006, 1013, citing *Holbrook v. Flynn* (1986), 475 U.S. 560, 568-569, 106 S.Ct. 1340. However, the determination of whether to use restraints must be left to the discretion of the trial court because the court must weigh the defendant's right to a fair and impartial trial against the need to protect the people involved in the judicial process and prevent the defendant's escape. The court is in the best position to assess the defendant's conduct inside and outside the courtroom to make this determination. *Woodards v. Cardwell,* (C.A. 6 1970), 430 F.2d 978, 982, and *State v. Franklin,* 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26 at ¶ 79. The need to prevent violence or escape must be particularized, articulated on the record, and specific to appellant's conduct at this particular trial. *Lakin v. Stine* (2005) 431 F.3d 959, 965, 544 U.S. 622, 633, citing *Deck v. Missouri* (2005), 544 U.S. 622, 125 S.Ct.

2007, 2015. A trial court also has a duty to determine whether there is a "less prejudicial but adequate means of providing security." *Id.* at 964. There is no requirement that a trial court conduct a hearing on whether or not a defendant should be shackled provided that the record discloses the reasoning for the use of restraints. See *State v. Carter* (1977), 53 Ohio App.3d 125, 132, 373 N.E.2d 622.

{¶15} On appeal, the appellate court presumes there was prejudice to the appellant and determines whether there was sufficient justification for the use of restraint and there was no less drastic alternative available. *Kennedy v. Cardwell,* supra, at 107. The appellate court will not reverse the trial court's decision, however, unless it determines the trial court abused its discretion. *State v. Woodards* (1966), 6 Ohio St.2d 14, 23, 215 N.E.2d 568, certiorari denied (1966), 385 U.S. 930. "[S]ound discretion has long meant a discretion that is not exercised arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result. *Langnes v. Green,* 282 U.S. 531, 534." *Woodards v. Cardwell,* supra. at 982. Even though the decision is discretionary, the trial court must state the facts it considered on the record to enable the appellate court to review the decision. *State v. Morgan* (1992), 84 Ohio App.3d 229, 231-232, 616 N.E.2d 941, and *State v. Carter* (1977), 53 Ohio App.2d 125, 132, 372 N.E.2d 622.

{¶16} In the case sub judice, the trial court did not conduct a hearing on the issue of shackling but, as is stated above, articulated its reasons on the record for the use of the same. We find that appellant was not prejudiced by having to wear shackles since the jury was already aware that appellant was a prisoner in that the crime with

which he was charged was possession of a deadly weapon while under detention. Therefore, any error would be harmless error. See *State v. Garrett,* Richland App. No. 03-CA-49, 2004-Ohio-2231. Furthermore, appellant was currently incarcerated for aggravated murder with a firearm specification and was charged in the case sub judice with having a deadly weapon while in prison. As noted by appellee, the charge in the case sub judice "illustrat[es] that even after being told he was disabled from possessing weapons, the [a]ppellant continued to obtain weapons and commit violent acts against others and not even the strict constraints imposed in prison could prevent him from gaining control of weapons." We find that the trial court was within its sound discretion to choose to protect the jury and others in the courtroom by restraining appellant, who the court reasonably believed posed a security risk.

{¶17} Furthermore, we find that the trial court did not err in failing to hold a hearing on the issue of shackles because such a hearing was unnecessary because appellant did not contest the relevant information. See *State v. Bell* (June 6, 1997), Scioto App. No. 96CA2472, 1997 WL 317425. Appellant did not contest that he was incarcerated for aggravated murder with a firearm at the Mansfield Correctional Institution when the charge in the case sub judice arose.

{¶18} Finally, assuming, arguendo, that the trial court erred in allowing appellant to appear in shackles, we find such error harmless based on the overwhelming evidence. At trial, testimony was adduced that appellant and another inmate were "squaring off" in the middle of the floor. Officer Jack Swartz, a corrections officer, testified that appellant and the other inmate "were both in a fighting stance having an altercation." Transcript at 179. When the officer walked towards appellant, he observed

that appellant had two shanks strapped to his wrists. Officer Garcia, another corrections officer, testified that when he arrived on the scene, he saw appellant holding two shanks in his hands. He described the shanks as "a steel piece and had two handles on it." Transcript at 198. When Officer Garcia, who had pulled out a canister of pepper spray, told appellant to drop the weapons, appellant initially refused to do so. When the officer got closer to appellant and told him again to drop the weapons, appellant "started to untie one." Transcript at 198. After unwrapping the other shank, appellant was cuffed. Evidence also was presented at trial that appellant, at the time of the offense in this case, was serving a sentence out of Cuyahoga County for aggravated murder with a firearm specification.

{¶19} Based on the foregoing, we find that the trial court did not err in failing to hold an evidentiary hearing on the issue of shackling and in ordering that appellant remain shackled.

{¶20} Appellant's first assignment of error is, therefore, overruled.

II

{¶21} Appellant, in his second assignment of error, argues that his trial counsel was ineffective in failing to file a pretrial motion requesting that appellant appear in court wearing civilian clothes and without shackles.

{¶22} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 122

L.Ed.2d 180; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

**{¶23}** In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley,* 42 Ohio St.3d at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.*

**{¶24}** In order to warrant a reversal, Appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial; a trial whose result is reliable. *Strickland* 466 U.S. at 687, 694. The burden is upon the defendant to demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id .; Bradley,* supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* supra; *Bradley,* supra.

**{¶25}** As is stated above, during voir dire, appellant's trial counsel did raise, to no avail, the issue of appellant appearing in court in shackles while in prison garb. As is stated above, we find that the trial court did not err in ordering that appellant remain shackled. Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is, therefore overruled.

{¶26} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____
                                    JUDGES

JAE/d0615

[Cite as *State v. McCree*, 2011-Ohio-4114.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
        Plaintiff-Appellee             :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
MAURICE MCCREE                         :
                                       :
        Defendant-Appellant            :        CASE NO. 10CA133


      For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Richland County Court of Common Pleas is affirmed.  Costs assessed

to appellant.


                                        _____

                                        _____

                                        _____

                                                    JUDGES